# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

December 12, 2022

**Via ECF**
Hon. Jennifer L. Rochon, United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re: *E.W. v. NYC Dep't of Educ., et al.*, No. 21-cv-1140 (JLR)

Dear Judge Rochon:

  I represent the Plaintiff in the above-referenced case and am submitting this joint letter motion respectfully requesting an adjournment *sine die* of the conference scheduled for December 14, 2022, and in the hopes that the Court will accept this letter in lieu of that conference.

  As Your Honor may recall, Plaintiff E.W. is the parent of Z.K., a 19-year-old young man with epilepsy who suffers from severe and frequent seizures, which has significantly impacted his education. Plaintiff's complaint raises a number of individual and systemic claims under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, *inter alia*, concerning Z.K.'s education over several school years. In particular, Plaintiff alleges that Defendants failed to implement administrative orders and thus provide a free appropriate public education ("FAPE") to Z.K. during the 2015–16 through 2017–18 school years ("SYs at Issue"). Defendants dispute Plaintiff's claims generally and raised defenses in their Answer, which are incorporated by reference herein.

  The parties have now reached an agreement in principle to settle Plaintiff's compensatory services claims, leaving only the question of Plaintiff's attorneys' fees and costs owed for the underlying IDEA hearings as well as the instant federal action.[1] Defendants had previously received initial Comptroller authority for settlement of fees, and negotiations concerning attorneys' fees is underway. However, given the time expended negotiating Plaintiff's compensatory services claim and the billing that has occurred over the past 6 months, Defendants' counsel will need to request additional authority so the parties may continue to negotiate an agreement on attorneys' fees. The parties are several thousand dollars apart on the fees claims and thus anticipate being able to reach an agreement on the fees shortly but need additional time to do so.

  Today, Plaintiff has provided Defendants with updated billing records to reflect the additional billing performed in this case since the initial memorandum for Comptroller authority was submitted. Defendants have indicated a continued interest in settlement and a commitment to work expeditiously for additional Comptroller authority. Once Defendants have additional

---

[1] The parties have exchanged drafts of the proposed Stipulation of Settlement and do not foresee any major impediment to reaching agreement as to the language for the Stipulation.

1115 BROADWAY, 12TH FL.  42 WEST 24th STREET, 2ND FLOOR
NEW YORK, NY 10010  NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

Comptroller authority, the parties are optimistic that this case will be fully resolved via settlement. In fact, the parties have successfully resolved via settlement dozens of IDEA cases during this past year and we have never had to litigate the question of attorneys' fees. That process, however – including Defendants' review of the time records, preparing an analysis and request for authority to the Comptroller's Office, and further negotiation – is expected to take several weeks.

Accordingly, and in an effort to avoid the additional fees that would accrue were the conference to go forward, the parties respectfully request that Your Honor adjourn *sine die* the conference scheduled for December 14, 2022, and instead permit the parties to submit a status report no later than January 6, 2023. Alternatively, if the Court is not inclined to grant the parties' request, the parties respectfully request that the December 14th conference be held via telephone or video conference to lessen the accrual of fees (and due to the resurgence of various viruses that are currently spreading).

Additionally, the parties respectfully request one last 30-day extension of the discovery schedule to aid in the settlement process.[2] Without a short extension of discovery during this time while the parties wait for additional Comptroller approval, the parties must engage in discovery to avoid being precluded from any discovery should the settlement fall through, and counsel's fees will therefore continue to increase. Plaintiff notes that a denial of a short extension puts Plaintiff in an untenable situation – as Plaintiff would like to settle and has agreed to accept Defendants' recent offer with respect to the compensatory claims, but Plaintiff must either forego the additional fees incurred, which amount to several thousands of dollars, or immediately withdraw from the settlement to engage in discovery.

The parties propound that there is good cause for a short extension of the close of discovery – a halt on increasing legal fees needlessly and to promote settlement. The parties appreciate the numerous extensions of time that the Court has already granted the parties to pursue settlement and we respectfully request one last opportunity to finalize settlement of the action.

We thank the Court for its continued time and attention to this matter and appreciate the time the Court has given us thus far to try to resolve the matter.

The request to adjourn the December 14, 2022 conference is GRANTED. The Court grants the extension of discovery to **March 2, 2023**. The parties shall file a joint status report by **January 6, 2023**.

Dated: December 13, 2022
　　　New York, New York

SO ORDERED
*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

cc: Wynee Ngo, Counsel

Respectfully submitted,

*Erin O'Connor*
Erin O'Connor, Of Counsel
The Law Office of Elisa Hyman, P.C.
Counsel for Plaintiff

---

[2] The parties previously sought a 60-day stay of discovery for settlement, which the Court denied. ECF Nos. 52, 53. A 30-day extension of time for discovery should be sufficient now that the parties have reached an agreement with respect to the compensatory services and are close to reaching agreement on the fees. Fact discovery is currently set to close January 30, 2023. If we are not able to reach an agreement on the fees by January 6, 2023, the parties will engage in expedited discovery to meet the 30-day extension deadline, if granted, of March 2, 2023.